FILED by \_\_\_\_ D.C.
ELECTRONIC
May 8, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDWARD CHERRY, ) | |
|     Plaintiff, ) | |
|       -vs- ) | CASE: **08-cv-60682-Cohn-Seltzer** |
| ) | |
| BUREAU OF COLLECTION ) | |
| RECOVERY, INC., ) | |
|     Defendant. ) | |

## VERIFIED COMPLAINT

Plaintiff, EDWARD CHERRY ("Plaintiff") sues the Defendant BUREAU OF COLLECTION RECOVERY, INC. ("Defendant") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Credit Billing Act, 15 U.S.C. §1681 et seq., as amended, (hereinafter referred to as the "FCRA"), and the Common Law of the State of Florida.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p; 28 U.S.C. §§1331 and 1337; Supplemental jurisdiction over the Plaintiff's state law claim rests upon 28 U.S.C. §1367.

3. The Defendant is a consumer collection agency with its main office headquarters located in Eden Prairie, Minnesota and transacts business in the State of Florida, has purposefully availed itself of the benefits of the State of Florida, and/or has had sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

4. The Plaintiff is an individual that resides in Broward County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1681 et seq., as amended.

1

5. The venue in the United States Court for the Southern District of Florida is proper and based upon the following:

    a. The violations of the FCRA alleged below occurred and/or were committed in Broward County, Florida within the Southern District of Florida;

    b. At all times material hereto, the Defendant was and continues to be a National Banking Association engaged in business activities in Broward County, Florida, and as such are citizens of the State of Florida.

## FACTS COMMON TO ALL COUNTS

6. Beginning November 2007, Plaintiff began monitoring his consumer credit report as maintained by EXPERIAN INFORMATION SOLUTIONS.

7. On November 8, 2007 the Plaintiff transmitted a letter to the Defendant indicating that an entry existed on the Plaintiff's credit report reporting that the Plaintiff was indebted to T-MOBILE 3 in an amount equal to Four Hundred Thirty-five Federal Reserve Notes ($435.00).

8. The Plaintiff indicated to the Defendant that he did not recall having any business relationship with T-MOBILE 3, that the information was not true, and that the reporting of the false information was causing the Plaintiff economic injury.

9. The Defendant ignored the Defendant's letter.

10. On or around March 2008, the Defendant reported a balance due from the Plaintiff to T-MOBILE 3 in an amount equal to Four Hundred Thirty-five Federal Reserve Notes ($435.00).

2

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1981s-2(b)

11.     The Plaintiff re-alleges and incorporates paragraphs 1 through 10 above as fully stated herein.

12.     The Defendant is a "person" as that term is defined by 15 U.S.C. §1681a (b) and a "furnisher of information" to the credit reporting agencies.

13.     The Defendant violated 15 U.S.C. §1681n and 1681o by engaging in the following conduct that violated §1681s-2(b) of the Act.  Throughout the entire course of its actions, the Defendant willfully and/or negligently violated these provisions of the Fair Credit Reporting Act in the following manner:

    a.     by willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

    b.     by willfully and/or negligently failing to review all relevant information concerning the Plaintiff's account as provided;

    c.     by willfully and/or negligently failing to report the results of their investigation of the inaccurate information in the Plaintiff's file after conducting an investigation;

    d.     by willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

    e.     by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. §1681s-2(b).

14.     As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, lowered credit

3

rating, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

15. The individual conduct, action and inaction of the Defendant was willful, rendering it liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n.

16. In the alternative, the individual conduct, action and inaction was negligent, thereby entitling the Plaintiff to recover under 15 U.S.C. §1681o.

17. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from the individual Defendant in an amount to be determined by the Court pursuant to §1681n and §1681o.

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the individual Defendant for an award of actual, statutory, and punitive damages; attorneys' fees and the costs of litigation including pre and post-judgment interest at the legal rate.

## COUNT II
## LIBEL

18. The Plaintiff re-alleges and incorporates paragraphs 1 through 17 above as fully stated herein.

19. On May 2008, in Broward County, Florida, the Defendant published the following false, scandalous, and defamatory statement concerning the Plaintiff:

> Account Name         Date Opened   Balance      Date Reported
> BUREAU OF COLLECTION R / 173500 / T-MOBILE 3          01-07  $435   10-07
> Responsibility: Individual            Account seriously past due
> Account seriously past due date/account assigned to attorney

4

20. The Plaintiff notified the Defendant on November 8, 2007 that the information being published was not true. Thereafter, the Defendant did not investigate to determine the truth of the matters and conducted no investigation before composing the information.

21. As a result the Plaintiff was injured in his good name, credit and reputation and brought into public scandal and disgrace, has been shunned by people he previously had business relations, has suffered mental anguish and has been injured in his business by having lost trade and experienced difficulty in obtaining credit.

22. Plaintiff has served a notice in writing on Defendant, specifying the information and the statements therein that are false and defamatory at least five days before commencing this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages.

## JURY TRIAL DEMANDED

The Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

## VERIFICATION

STATE OF FLORIDA
COUNTY OF BROWARD

Before me, the undersigned authority, personally appeared EDWARD CHERRY who was sworn and says the foregoing complaint is true.

Edward Cherry, Plaintiff
10985 NW 71st Court
Parkland, FL 33076
954.510.7841 Telephone

Sworn to and subscribed before me on May 6, 2008 by EDWARD CHERRY.

REBECCA A. VALENTIN
MY COMMISSION # DD 572908
EXPIRES: July 11, 2010
Bonded Thru Notary Public Underwriters

Notary Public

Personally Known

5

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
EDWARD CHERRY

## DEFENDANTS
BUREAU OF COLLECTION RECOVERY, INIC.

**(b)** County of Residence of First Listed Plaintiff: BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
EDWARD CHERRY
10985 NW 71ST COURT, PARKLAND, FLORIDA 33076
954-510-7841

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08cv60682-Ohn-BSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☐ YES ☒ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

15 U.S.C. SEC. 1681 et seq.

LENGTH OF TRIAL via TWO days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE: May 6, 2008

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP